# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:04cr43-11

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CHAD LEE STACY. ) | |

**THIS MATTER** is before the Court on the Defendant's *pro se* Motion to Correct Judgment Order (Time Sensitive) Clarify Intent of Order [Doc. 301].

On May 17, 2005, the Defendant was sentenced to serve one hundred months in prison in connection with his conviction for conspiracy to manufacture and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §846. [Doc. 182]. He did not file a direct appeal or a motion pursuant to 28 U.S.C. §2255.

In the Judgment of Conviction, the sentencing court provided that the Defendant should "be credited with 10 months served in the North Carolina

1

Department of Correction[s] for related offenses set forth in cases 03crs272 & 03crs2073, North Carolina Superior Court, McDowell County." [Doc. 182, at 2]. The Defendant claims that the Bureau of Prisons (BOP) has refused to credit such time against his federal sentence and he has attached a copy of the BOP's Memorandum to the Assistant United States Attorney (AUSA) in charge of his case. [Doc. 301, at 9]. In that Memorandum, the BOP stated that the Defendant was arrested in connection with the state charges on August 12, 2003 and was in state custody until released on bond on November 10, 2003. [Id.]. He was sentenced in state court on those charges on May 27, 2004 and was taken into custody in the state system on June 16, 2004. [Id.]. He remained in state custody until January 28, 2005, when his state sentence was completed. [Id.].

The indictment in the federal case was filed on April 5, 2004. [Doc. 3]. Although an arrest warrant was issued for the Defendant, the Government was unable to execute it because he had been taken into state custody in June 2004. Once the Government ascertained that the Defendant was in state custody, a writ of *habeas corpus ad prosequendum*, directed to the appropriate correctional facility within the

North Carolina Department of Corrections, was issued on August 11, 2004. [Doc. 19]. The Defendant was arrested on the federal charges on September 9, 2004 and was "loaned" to the federal system from that date through January 28, 2005 when his state sentence expired. See, Ruggliano v. Reish, 307 F.3d 121, 125 n.1 (3rd Cir. 2002) (*abrogated on other grounds by Application Note 3(e) to U.S.S.G. §5G1.3*); ("A prisoner detained pursuant to a writ *ad prosequendum* is considered to remain in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the person. The receiving sovereign - in this case, the federal government - is, therefore, considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him. For the purposes of computing [Defendant's] sentence, therefore, the time spent in federal custody pursuant to a writ *ad prosequendum* is credited toward his state sentence, not his federal sentence."); *accord*, United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008).

BOP notes the Defendant's federal sentence was not imposed until May 17, 2005, a point in time after his state sentence had been served. As a result, BOP noted that "we are prohibited from awarding any qualified

state time towards his federal sentence." [Doc. 301, at 9].

Nonetheless, it is the Attorney General, not the sentencing court, which is required to compute credit and that requirement is performed after the defendant begins to serve the sentence, not at the time of sentencing. United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). "Federal regulations have afforded prisoners administrative review of the computation of their credits, see 28 C.F.R. §§542.10-542.16 (1990), and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies." Wilson, 503 U.S. at 335 (other citations omitted); Kane v. Zuercher, 2009 WL 2922941 **1 (7th Cir. 2009) ("And the BOP has an extensive set of procedures available to inmates."). The Defendant here has not shown that he exhausted the administrative remedies provided to him by the BOP. Although he has provided a copy of the Memorandum sent by BOP to the AUSA, he has not shown that he availed himself of the appeals process within that agency. United States v. Jeter, 161 F.3d 4 **2 (4th Cir. 1998) ("[I]t is unclear whether Jeter's request was formal or informal and whether he attempted to appeal the denial.").

Out of an abundance of caution, the Court will treat the motion as a

habeas corpus petition pursuant to 28 U.S.C. §2241 which attacks the execution of the Defendant's sentence and will dismiss the petition without prejudice. "A §2241 petition, however, must be brought in the district of incarceration." United States v. Morgan, 305 Fed.Appx. 61 **1 (4th Cir. 2008) (reversing district court which had dismissed motion for failure to exhaust administrative remedies) (citations omitted); United States v. Harbison, 148 Fed.Appx. 187, 188 (4th Cir. 2005), *certiorari denied* 547 U.S. 1155, 126 S.Ct. 2306, 164 L.Ed.2d 826 (2006) ("Harbison, a federal prisoner, appeals from the district court's order denying his motion for credit for time spent in prior custody pursuant to 18 U.S.C. §3585(b)[.] Harbison's claims challenge the execution of his sentence and cannot be brought in the first instance to the district court under §3585(b). Any challenge to the execution of sentence must be brought under 28 U.S.C. §2241 [], after exhaustion of remedies through the Bureau of Prisons."). The Defendant is incarcerated in Texas. As a result, the petition is dismissed without prejudice to renewal in the district of confinement.

**IT IS, THEREFORE, ORDERED** that the Defendant's *pro se* Motion to Correct Judgment Order (Time Sensitive) Clarify Intent of Order [Doc. 301] is hereby construed as a motion pursuant to 28 U.S.C. §2241 and as so construed is hereby **DISMISSED WITHOUT PREJUDICE** to renewal in the district of confinement.

Signed: October 6, 2009

Martin Reidinger
United States District Judge